Casey, C. J.,
delivered the opinion of the court:
The claimant was appointed a commissary of subsistence of volunteers, with the rank of captain, in the service of the United States, by commission, dated 14th of March, 1863. On the 18th of September, 1863, for some cause which the record and evidence does not disclose, the claimant was, by order from the War Department, of that date, dismissed the service. By an order of the President, dated March 3, 1865, this order of dismissal was revoked and the claimant restored to his former position and rank in the service.
The evidence shows that after his dismissal the claimant constantly and persistently followed up the case until he was restored by the order above referred to. His claim is for his pay and allowance while the order of dismissal was in force, and up to the date of the revocation.
*139 In its main facts and features this case is precisely like that of Captain Thornton Smith, decided by this court, (2 0. 01s. B,., 206.) We may safely rest this case upon the principle so clearly and concisely stated by Judge Loring in the opinion delivered in that one. That judgment, however, is sustained by the uniform usage of the government in similar cases.
It has been held in the departments that a soldier illegally discharged from service, is entitled to his pay till the expiration of his term of enlistment; and that a soldier convicted of a crime, imprisoned, hut pardoned on the ground of his innocence of the offence, is entitled-to pay for the time he was imprisoned.
The case of Lieutenant Drane is very much like the present. In the year 1835 he wrote a letter to the Secretary of War which the latter chose to interpret as a resignation, and therefore ordered Drane’s name to he stricken from the rolls of the. army. Drane denied the construction put upon his letter, and appealed successively to Presidents Jackson and Van Burén for redress without avail. He next applied to President Tyler in 1841, who referred the matter to a board of officers, who reported that Drane “ was put out of service against his consent, without trial, and without having committed any military offence.” Thereupon the President ordered him “ to he restored to the army with the rank and station which he would have held had he not been dropped from the rolls, on the happening of the first vacancy of the appropriate grade in the 5th infantry, his former regiment.”
Upon his restoration the Secretary of War submitted to the Attorney General the question whether he was entitled to his pay and emoluments during the time the order remained in force. After a careful examination the Attorney General, Hon. John J. Crittenden, affirmed the right of Drane to the pay, &c., while the order of dismissal remained'in force. He says: “ The uniform usage in similar cases has been, as I understand, to allow compensation, and I am unwilling to disturb what the experience and wisdom of the past have practically settled. That usage séems to me not to be unreasonable. And I follow it the more readily in this instance because it furnishes some measure of redress to an injured citizen.”
These authorities are full and clear, and establish the right of the claimant to the pay claimed, beyond any doubt. Cases like this are to he distinguished from those where an officer is dismissed the service and reinstated by a new appointment. There he can claim no compensation for the intermediate time. For, in that case, he claims by virtue of the latter and not the former appointment, and payment can *140 only be made from its date. But this class of cases rests upon the .principle that the party never was legally and rightfully out of the service, and that the revocation of the illegal or inadvertent order of dismissal leaves the former commission in full force, and the party entitled to pay the same as if no such order ever had been made.
It results from these views that the claimant is entitled to pay from the 31st of December, 1863, till the 3d of March, 186.6, deducting $130 on account of having received his pay twice for the month of October, 1863. This we find amounts to $1,703, and for this sum judgment is to be entered in his favor.